IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOM TUDUJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00320-SMY-RJD |
| | ) | |
| SANOFI-AVENTIS U.S. LLC, | ) | |
| GLAXOSMITHKLINE, | ) | |
| WYETH-PFIZER, | ) | |
| ELEONORA KUL-LIPSKI and | ) | |
| COMMUNITY FIRST | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

DALY, Magistrate Judge,

Before the Court is a peculiar development in an already unusual lawsuit. Plaintiff Tom Tuduj is an inmate with the Illinois Department of Corrections serving a forty year sentence for murder and a five year sentence for disarming a police officer. The record in his criminal case states that Tuduj murdered his work supervisor on May 16, 2006 after receiving a poor performance review. *People v. Tuduj*, 2014 IL App (1st) 092536, 9 N.E.3d 8. Tuduj opted for a bench trial and during trial he raised the affirmative defense of involuntary intoxication. At the time of the murder, Tuduj was taking prescription medications consisting of Wellbutrin (antidepressant), Ambien (sleep / insomnia medication) and Propranolol (hypertension medication). Tuduj presented three medical experts who testified that a combination of the Wellbutrin and underlying mental illness "prevented [Tuduj] from conforming his behavior to the requirements of law." The trial court judge considered the involuntary intoxication defense but ultimately found that the prosecution proved "beyond a reasonable doubt that defendant was

not so involuntarily intoxicated that he lacked substantial capacity to appreciate the criminality of his acts or conform his conduct to the requirements of the law." *People v. Tuduj*, 2014 IL App (1st) 092536, ¶ 82, 9 N.E.3d 8, 32. The conviction was affirmed on appeal. *See id*.

Now in prison, Tuduj filed this lawsuit including product liability claims against the manufacturers of the medications (Sanofi-Aventis U.S. LLC, GlaxoSmithKline and Wyeth-Pfizer) and medical negligence claims against those who prescribed the medications to him (Dr. Eleonora Kul-Lipski and her employer Community First Medical Center). *See* plaintiff's Fourth Amended Complaint at Doc. 83. Sanofi-Aventis U.S. LLC, GlaxoSmithKline and Wyeth-Pfizer were served and have since filed motions to dismiss. Dr. Eleonora Kul-Lipski and Community First Medical Center have not yet been served because Tuduj has not filed the physician's affidavit of merit required under the Illinois "Healing Art Malpractice" statute, 735 ILCS 5/2-622. In order to pursue a medical negligence action, the statute requires the plaintiff to submit an affidavit from a physician that stating that there is a "reasonable and meritorious cause for the filing of such action." 735 ILCS 5/2-622.

Tuduj's fourth amended complaint was filed on May 27, 2016 but he has still not filed the required physician's affidavit. On August 17, 2016 Tuduj requested to file an affidavit of merit from "David Procter MD." (Doc. 107). On August 25, 2016 the three pharmaceutical company defendants filed a motion to strike Tuduj's motion. (Doc. 111). The motion to strike states that the defendants were unable to identify any licensed physician named David Procter and that Tuduj's filing fails to satisfy the Healing Art Malpractice statute requirements. Tuduj then filed a motion for extension of time to file a new affidavit of merit. (Doc. 114). Tuduj states in his motion that he obtained the David Procter affidavit after responding to an advertisement in the "Prison Legal News" newspaper. The advertisement solicits the services of medical

malpractice experts.  Only later did Tuduj learn that David Procter is no longer licensed to practice medicine and was in fact sentenced to federal prison for running a "pill mill." *See United States v. Procter*, 215 F. App'x 409, 410 (6th Cir. 2007).

Upon review of these three motions, the defendants' motion to strike (Doc. 111) is hereby GRANTED because the Procter affidavit is not acceptable. Tuduj's first motion (Doc. 107) is therefore stricken. However Tuduj's motion for extension of time (Doc. 114) is GRANTED and he will be given one last opportunity to provide a valid physician's affidavit. Tuduj shall file the affidavit no later than **January 12, 2017**. If the affidavit is not filed the claims against Dr. Eleonora Kul-Lipski and Community First Medical Center will be dismissed.

**IT IS SO ORDERED.**

DATED:   December 13, 2016.

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**